# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ESTATE OF GEORGE REYES,** | § | |
| **BERTHA ALICIA LEAL-** | § | |
| **MIRELES,** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:25-CV-01661-ADA** |
| | § | |
| **21ST MORTGAGE** | § | |
| **CORPORATION, DOES 1-5,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ALAN D. ALBRIGHT
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant 21st Century Mortgage Corporation's ("21st Century Mortgage") motion to proceed with foreclosure sale, Dkt. 17, Plaintiff Bertha Alicia Leal-Mireles's motion to amend her complaint and to remand, Dkt. 19, and all related briefing. After reviewing the filings and the relevant law, the undersigned recommends that the District Judge deny 21st Century Mortgage's motion without prejudice, Dkt. 17, and grant in part and deny in part Leal-Mireles's motion, Dkt. 19.

## I.    BACKGROUND

This is a wrongful-foreclosure case. Leal-Mireles and George Reyes entered into a loan agreement with 21st Century Mortgage to finance their purchase of real property. Dkt 1-1, at 7; 17-1. Though the loan, 21st Century Mortgage obtained a lien on the property. Dkt. 17-2. Leal-Mireles and Reyes defaulted on the loan shortly

afterward and 21st Century Mortgage initiated foreclosure proceedings. Dkts. 17-3; 17-4. During this time, Reyes passed away. Dkts. 1-1, at 7; 17, at 2. Following Reyes's death, Leal-Mireles recorded a notice of reconveyance in which she purported to discharge 21st Century Mortgage's loan. Dkt. 17-5. Because Reyes had arranged for his share of the property to be transferred to Leal-Mireles upon his death, 21st Century Mortgage once again pursued foreclosure proceedings against the property now in Leal-Mireles's sole possession. Dkts. 17, at 3; 17-6.

Leal-Mireles, proceeding pro se, filed this lawsuit in state court and asked for temporary injunctive relief preventing 21st Century Mortgage from foreclosing on the property. Dkt. 1, at 6-74. The state court entered a temporary restraining order, which has since expired, preventing 21st Century Mortgage from foreclosing on the property. Dkt. 17-7. 21st Century Mortgage then removed this case to federal court. Dkt. 1. 21st Century Mortgage now asks the Court to allow it to proceed with the foreclosure sale given that Leal-Mireles has not sought injunctive relief in federal court and Leal-Mireles "is now in arrears." Dkt. 17, at 4.

In response, Leal-Mireles filed an amended complaint in which she brings claims for wrongful foreclosure, "fraud on the court," and breach of fiduciary duty. Dkt. 20, at 8-21. Ultimately, Leal-Mireles maintains that 21st Century Mortgage has no interest in the property that would allow it to proceed with foreclosure. *Id.* at 22-23. Leal-Mireles also filed a motion for leave to amend her complaint, in which she

asks the Court to remand her case because "there are no Federal issues [of] law" in her amended complaint. Dkt. 19, at 1.[1]

## II.    MOTION TO PROCEED WITH FORECLOSURE SALE

21st Century Mortgage filed a motion to proceed with the foreclosure sale, attaching evidence to support its authority to proceed with the foreclosure sale. Dkts. 17; 17-1; 17-2; 17-3; 17-4; 17-5; 17-6. In response, Leal-Mireles filed an amended complaint in which she accuses 21st Century Mortgage of "numerous fraudulent, false, deceptive and [mis]leading practices" and asserts that it has no interest in the property. Dkt. 20, at 19.

In its motion, 21st Century Mortgage argues that it should be authorized to proceed with the non-judicial foreclosure sale at issue in this lawsuit because there is no injunction barring foreclosure and Leal-Mireles is "now in arrears." Dkt. 17, at 4.[2] Section 51.002 of the Texas Property Code, which governs non-judicial foreclosure sales of real property, by "its own terms, does not require an order from a court for a sale to be valid, and there is no case law that would indicate otherwise." *Kelly v.*

---

[1] The amended complaint attached to Leal-Mireles's motion appears to be the same document she filed in response to 21st Century Mortgage's motion. Dkts. 19-1; 20.

[2] 21st Century Mortgage does not engage with Leal-Mireles's claims for relief or request entry of judgment in its favor in this case, so the undersigned will not construe its motion as one for summary judgment. *See* Dkt. 17. Even if 21st Century Mortgage had brought a claim for foreclosure under Texas law, which is has not, it has failed to present sufficient evidence establishing Leal-Mireles's default or that it provided her with notice of any foreclosure sale. *See* Dkts. 17; 17-1; 17-2; 17-3; 17-4; 17-5; 17-6; 17-7; *Portillo v. DLJ Mortg. Cap., Inc.*, No. CIV.A. H-13-3679, 2015 WL 729918, at *2 (S.D. Tex. Feb. 19, 2015) (explaining that to establish the power to foreclose, "lenders must show that: (1) a debt exists; (2) the debt is secured by a lien; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration" (citing Tex. Prop. Code § 51.002)). Judgment in 21st Century Mortgage's favor is thus inappropriate at this time.

*Carrington Mortg. Servs., LLC*, No. DR-15-CV-124-AM/CW, 2016 WL 6084188, at *4 (W.D. Tex. Sept. 27, 2016). It is thus unclear that 21st Century Mortgage requires an order from this Court to proceed with the foreclosure sale—indeed, 21st Century Mortgage cited no legal authority standing for such a proposition. *See* Dkt. 17. In fact, the only legal citation in 21st Century Mortgage's motion is to Texas Property Code section 51.001, which describes the types of liens that the subsection does *not* govern and appears to be wholly inapposite to the relief sought by 21st Century Mortgage in its motion. *Id.* at 4. The undersigned thus recommends that the District Judge deny without prejudice 21st Century Mortgage's motion to proceed with foreclosure sale.

### III.    MOTION TO AMEND AND REMAND

Leal-Mireles filed a motion to amend her complaint and to remand this case to state court, Dkt. 19. In her motion, Leal-Mireles asks to Court to allow her to amend her complaint to remove any federal causes of action. *Id.* at 1. Based on her removal of any federal claims, Leal-Mireles requests that her case be remanded to state court. Dkt. 19. 21st Century Mortgage did not respond to Leal-Mireles's motion.

First, Leal-Mireles's request to file an amended complaint should be granted. Under Rule 15(a), courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quotation omitted). In evaluating a motion to amend under Rule 15, courts consider factors "such as whether there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

4

previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (quotation omitted). Having reviewed the factors above, the undersigned finds that Leal-Mireles's motion to amend should be granted. Leal-Mireles moved to amend her complaint within the deadline to do so under the scheduling order and has not amended her complaint since this case was removed and transferred to this district. Dkt. 16. Furthermore, 21st Century Mortgage did not oppose Leal-Mireles's motion and the undersigned does not find that 21st Century Mortgage will suffer any undue prejudice if Leal-Mireles is allowed to file an amended complaint. The District Judge should grant Leal-Mireles's motion to amend, Dkt. 19, and order the Clerk of Court to file her amended complaint, Dkt. 19-1.

Leal-Mireles's motion to remand based on her amended complaint, however, should be denied. A case may be removed when a federal court has subject-matter jurisdiction over the action, either because "there appears on the face of the complaint some substantial, disputed question of federal law" or "the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different states." *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); 28 U.S.C. §§ 1331, 1332(a). Here, 21st Century Mortgage removed this case to federal court based on diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Dkt. 1, at 1-3. Mireles-Leal does not challenge the Court's subject-matter jurisdiction over this case based on diversity jurisdiction. *See* Dkt. 19. Leal-Mireles's withdrawal of federal claims from her complaint thus does not defeat the Court's subject-matter jurisdiction since subject-matter jurisdiction, based on diversity,

5

existed at the time of removal. Dkt. 1, at 1-3; *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) ("[S]ubject matter jurisdiction is determined when a federal court's jurisdiction is first invoked[.]" (citation omitted)). The District Judge should deny Mireles' motion with regard to her request for the Court to remand her case.

## IV.   RECOMMENDATION

In accordance with the above discussion, the undersigned **RECOMMENDS** that the that the District Judge **DENY** 21st Century Mortgage's motion to proceed with foreclosure sale, Dkt. 17, without prejudice.

The undersigned **FURTHER RECOMMENDS** that the District Judge **GRANT IN PART** and **DENY IN PART** Leal-Mireles's motion to amend and remand, Dkt. 19. Leal-Mireles should be granted leave to file an amended complaint, Dkt. 19-1, but her motion to remand should be denied.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and,

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 10, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE